Johnson, J.
delivered the opinion of the Court.
The case of the Executors of Warner v. Condy & Raguet, 4 M‘C. 344, is decisive, that, after a plea to the merits, a plaintiff suing as administrator, is not bound to produce his letters of administration. Such a idea admits the character in which he sues, and consequently all the rights which attach to it. That, it is true, was a case arising ex contractu, but the principle is equally applicable to actions arising ez delicto, as is well illustrated by the case of King v. Ferguson, 2 N. & M. 588. That was an action of trespass to try titles to land, and after plea to the merits, the Court refused to permit the defendant to plead» in abatement, that one of the plaintiffs who sued as a feme sole, was covert.
I am of opinion also, that the conversion of the horse was fully proved. The rule, as I understand it, is, that any use, or disposition, of a chattel, without the consent of the owner, and inconsistent with his rights, is a conversion; and the authorities cited at the bar, I think clearly establish it. Here, the horse was taken out of the possession of the intestate’s agent, without his consent; and the defendant, with a knowledge of the intestate’s rights, purchased, and disposed of the horse to another. This was a disposition and use, without the consent of the *548 owner, and inconsistent with his rights, and therefore a conversion.
It is said, however, that the horse was sold under execution as the property of Alexander, the agent, and that defendant having beconie the purchaser, succeeded to all his rights, and was intitled to keep possession until demand made; and that he had the right to do all other acts which the agent might do. Admit this to he true; yet if the agent had sold him, that, according to the rule, would have been a conversion. But it is not true, that the defendant acquired even the right of possession under his purchase. The owner had confided the horse to Alexander, to be kept for a particular purpose, and it was an authority which he had no right to delegate to another. Taking him out of his possession, with a knowledge of these circumstances, even with his consent, would have been a wrong done to the owner. The plaintiff is therefore intitled to a new trial, on both the grounds.
Motion granted.